UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-03223-PA (SK) | Date | April 9, 2020 |
| Title | David Uriel Garcia v. District Attorney of Los Angeles County et al. | | |

Present: The Honorable  Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**    (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a civil rights complaint against the "District Attorney of Los Angeles County" and "Officer Lee." (ECF 1 at 3). He failed, however, to include a certified copy of his trust account statement for the last six months. *See* 28 U.S.C. § 1915(a)(2) (2018); L.R. 5-2. Without that certified statement, Plaintiff cannot proceed with his complaint unless he first pays the full amount of the filing fee.

Yet even if Plaintiff fixes this filing deficiency, the complaint remains deficient because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2). Plaintiff alleges that unnamed officers from the West Covina Police Department used excessive force against him by beating him up. (ECF 1 at 5). But without more, these allegations are too perfunctory to state a federal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To state a claim on which relief may be granted, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." (internal quotation marks omitted)). Plaintiff does even not explain how the Los Angeles County District Attorney or Office Lee were involved in the alleged excessive force incident. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (section 1983 liability cannot be imposed against an individual without their personal participation in the alleged unconstitutional conduct).

Plaintiff's complaint is also deficient because he sues the District Attorney and Officer Lee in their official capacities only. Presumably, he means to allege that Defendants were acting under "color of law" for § 1983 purposes. But naming officials in their "official capacity" is not necessary to do that. Nor is it sufficient: an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "not a suit against the official personally." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Yet Plaintiff cannot state a claim against Los Angeles County (or the West Covina Police Department as an arm of the County)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03223-PA (SK) | Date | April 9, 2020 |
|---|---|---|---|
| Title | David Uriel Garcia v. District Attorney of Los Angeles County et al. | | |

without plausible allegations of a municipal "policy" or "custom" causing the alleged deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Allegations of a single incident only—like what is alleged here—cannot support a § 1983 claim against a municipality. *See Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014). So because Plaintiff has alleged no plausible *Monell* claim against the County, his official-capacity claims against Defendants must be dismissed for the same reason. *See Monell*, 436 U.S. at 694.

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **May 11, 2020** why his in forma pauperis application should not be denied and his complaint dismissed. If Plaintiff wishes to proceed with this action, he must first file a complete form CV-60P (attached here) that includes a certified copy of his trust account statement for the last six months or pay the full amount of the required filing fee. Even then, Plaintiff must also file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong. Plaintiff is advised that prisoner complaints dismissed for failure to state a claim count as "strikes" against the lifetime number of complaints that prisoners may file without prepayment of filing fees. *See* 28 U.S.C. § 1915(g). Voluntarily dismissed complaints, however, do not count as strikes. So if he cannot cure the deficiencies outlined in this order, Plaintiff may alternatively file a notice of voluntary dismissal using the attached form CV-09.

**In any case, failure to file a voluntary dismissal, an amended complaint, or a timely response to this order may result in involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**